IN re the Petition for DISCIPLINARY ACTION Against Chester C. GRAHAM, an Attorney at Law of the State of Minnesota.

No. C4–86–1715.

Supreme Court of Minnesota.

Oct. 26, 1993.

### ORDER

In an opinion dated March 10, 1989, this court indefinitely suspended Chester C. Graham from the practice of law for a minimum of 18 months for repeatedly neglecting client matters, ignoring court orders, retaining unauthorized fees, and failing to cooperate with the Director's Office. In that opinion, this court held that Graham could apply for reinstatement upon expiration of the 18–month minimum period of suspension, but only if he first (1) obtained psychological or psychiatric treatment, (2) maintained sobriety and participated in Alcoholics Anonymous or another appropriate program, and (3) worked in a

"paralegal" or similar position under the supervision of an attorney for a period of time "to demonstrate that he is capable of practicing law competently and responsibly, and that he is psychologically healthy." *In re Graham,* 436 N.W.2d 782, 784 (Minn.1989).

On December 4, 1992, more than three years after his suspension, Graham filed his petition for reinstatement with this court. The Director of the Office of Lawyers Professional Responsibility commenced an investigation pursuant to Rule 18, Rules on Lawyers Professional Responsibility, at the conclusion of which the matter was heard by a Panel of the Lawyers Professional Responsibility Board.

On October 4, 1993, the Panel filed its Findings of Fact, Conclusions of Law and Recommendation with this court. The Panel concluded that Graham had complied with the conditions for reinstatement enumerated by this court and otherwise had satisfied the requirements of Rule 18, Rules on Lawyers Professional Responsibility. Specifically, the Panel concluded that Graham "has proved with clear and convincing evidence that he has undergone moral change since his misconduct." The Panel recommended that this court reinstate Graham, subject to certain conditions. By letter dated October 4, 1993, the Director informed this court that she and Graham concur with the Panel's Recommendation and request that the court make its decision without a referee hearing, briefing or oral argument.

In consideration of the Director's Report and Conclusions of Investigation, the Panel's Findings of Fact, Conclusions of Law and Recommendation, the parties' concurrence with the Panel's Recommendation, and the filings and record herein, NOW ORDERS:

1. That Chester C. Graham hereby is reinstated to the practice of law and placed on indefinite probation.

2. That Graham's probation shall be subject to the following conditions:

a. Graham shall not engage in the solo practice of law until such time as a system for supervising Graham's practice has been established and has been approved by the

Director's Office. Graham shall be supervised by one or more attorneys experienced in the areas in which Graham proposes to practice. Each supervising attorney shall report to the Director at least monthly during the first two years of Graham's probation. After two years, the Director shall evaluate the system for supervising Graham's practice and shall modify the system, as appropriate.

b. Graham shall abstain from alcohol and mood altering chemicals and shall continue to attend weekly meetings of Alcoholics Anonymous and Lawyers Concerned for Lawyers. Any instance of lack of abstinence shall constitute a sufficient basis for the immediate revocation of Graham's probation and his suspension from the practice of law.

c. Graham shall timely file his federal and state tax returns.

d. Graham shall comply with the terms of his agreement with the Director to pay the costs and disbursements previously ordered by this court pursuant to Rule 24, Rules on Lawyers Professional Responsibility. Graham shall not be discharged from probation prior to his full payment of these costs.

e. Graham shall cooperate with his supervising attorneys and with the Director's Office in the investigation of any complaints of misconduct made against him. In addition, Graham shall provide any authorizations which are needed to verify his compliance with the conditions of this probation.

/s/ <u>M. Jeanne Coyne</u>
M. Jeanne Coyne
Associate Justice